## Case No. 11,052.

### The PETUNIA.

### [8 Ben. 349.] 1

District Court, E. D. New York.  Jan., 1876.

COLLISION—VESSELS AT ANCHOR.

1. The brig O. and the bark P. were lying at anchor in a harbor at a safe distance apart. The anchor of the P., which was the windward vessel, dragged till she was near the O., when a second anchor was dropped, which held her so that the vessels were still at a safe distance apart. But afterwards, when the P. undertook to remove from that place, she was brought in contact with the O., doing her some damage. The P. claimed that her anchor was fouled, which caused her dragging, and that the coming in contact, when the P. attempted to remove, was inevitable, under the circumstances then existing. Held, that the P. was in fault for dragging, and that her watch was in fault, in not sooner discovering that she was dragging, and dropping the second anchor.

2. The P. took the risk of attempting to remove when she did from the place where she was held by the second anchor; and she was liable for the damages.

In admiralty.

Scudder & Carter, for libellants.

J. N. Whiting and W. W. Goodrich, for claimants.

---

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. The bark must be held in fault for dragging her anchor. Even with one anchor fouled she was securely held after the other anchor was dropped. If the other anchor had been dropped at the place where she was when she began to drag, she would not have dragged at all. She dragged some distance before the second anchor was dropped. If it had been dropped sooner, after she began to drag, she would not have dragged to a point so near to the brig. It was a fault on the part of the bark for her watch not to discover the dragging at an earlier moment.

Then, when the bark had been brought up by her second anchor, she was in a safe place with reference to the brig. In undertaking to remove from that place, she took the risk of colliding with the brig. The evidence shows, that, if the bark had not undertaken to remove from that place at the time she did, she would not have collided with the brig. She could have waited until she could certainly remove with safety to the brig, and she ought to have waited.

I see no fault on the part of the brig. She did what she was requested by the bark to do, and as promptly as possible. She could not anticipate the manoeuvres of the bark, and was not bound to change her position after the bark was brought up by the second anchor, as the two vessels were in safe berths then with reference to each other and to all surrounding vessels, if neither undertook to move.

There must be a decree for the libellants, with costs, with a reference to ascertain damages.